NOT DESIGNATED FOR PUBLICATION

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

20-288

STATE OF LOUISIANA

VERSUS

TONY M. ALEXANDER

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. CR 157800
HONORABLE MARILYN CARR CASTLE, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

**SHARON DARVILLE WILSON**
**JUDGE**

\*\*\*\*\*\*\*\*\*\*

Court composed of Shannon J. Gremillion, John E. Conery, and Sharon Darville Wilson, Judges.

**CONVICTION AND SENTENCE VACATED.**
**REMANDED FOR NEW TRIAL.**

**Hon. Keith A. Stutes**
**Lafayette Parish District Attorney**
**P. O. Box 3306**
**Lafayette, LA 70502-3306**
**(337) 232-5170**
**COUNSEL FOR PLAINTIFF APPELLEE:**
 **State of Louisiana**

**Edward Kelly Bauman**
**Louisiana Appellate Project**
**P. O. Box 1641**
**Lake Charles, LA 70602-1641**
**(337) 491-0570**
**COUNSEL FOR DEFENDANT/APPELLANT:**
   **Tony M. Alexander**

**WILSON, Judge.**

Defendant, Tony M. Alexander, was charged with indecent behavior with a juvenile under the age of thirteen, a violation of La. R.S. 14:81. A jury convicted Defendant as charged by a vote of ten to two. Mr. Alexander was sentenced to ten years at hard labor, with all but five years suspended and with three years of active supervised probation with conditions. Mr. Alexander now appeals his conviction.

I.

## ISSUES

We must decide:

(1) Whether the non-unanimous 10-2 verdict violates Tony Alexander's rights under the Sixth Amendment to the US Constitution as applied to the states by the Fourteenth Amendment.

II.

## FACTS AND PROCEDURAL HISTORY

In May of 2016, A Lafayette police officer was approached by a man who claimed his nine-year-old daughter was molested by a family member. The alleged perpetrator was Tony Alexander, who was living with the family of the victim off and on along with his mother. Jury trial began on November 5, 2019. That morning, Counsel for defendant moved for the court to charge the jury that a unanimous jury verdict was required. The trial court denied the motion. On November 6, 2019, Defendant was convicted as charged by a ten-to-two verdict. On January 23, 2020, Defendant filed a motion for acquittal or alternatively, a new trial in which counsel, again, brought up the unanimous jury verdict. The motion alleged in part that "similarly situated defendants are now entitled to a unanimous jury verdict." At the hearing of the motion, the trial court discussed the allegations pertaining to the

motion for acquittal but not the alleged basis for a new trial and denied the entire motion. On March 3, 2020, the trial court sentenced Defendant to serve ten years at hard labor, with all but five years suspended, and with three years of active supervised probation with conditions.

III.

## LAW AND DISCUSSION

### ERRORS PATENT

In accordance with La.Code Crim.P. art. 920, all appeals are reviewed for errors patent on the face of the record. After reviewing the record, we find that there is an error patent, which is raised and discussed in Mr. Alexander's assignment of error relating to the requirement of a unanimous jury verdict.

### UNANIMOUS JURY VERDICT

Mr. Alexander argues he is entitled to a new trial because his nonunanimous jury verdict was declared unconstitutional in *Ramos v. Louisiana*, 590 U.S. ___, 140 S.Ct. 1390 (2020). The U.S. Supreme Court held that Louisiana's provision for non-unanimous jury verdict was unconstitutional. Although the concurring justices in *Ramos* did not join in all parts of the majority opinion, the Supreme Court unambiguously determined that nonunanimous verdicts are not permitted by the Sixth Amendment to the Constitution. This prohibition applies to the states through the Fourteenth Amendment. *Id*. *see also* concurrences by Justices Sotomayor, Kavanaugh, and Thomas.

The Supreme Court's decision in *Ramos* invalidates non-unanimous convictions where the issue is preserved, and the case is still on direct review. The record shows that Defendant's case was still in the process of direct review at the

time of the *Ramos* decision, therefore, *Ramos* applies and requires Defendant's conviction be vacated.

IV.

CONCLUSION

For the foregoing reasons, Mr. Alexander's conviction and sentence for indecent behavior with a juvenile under the age of thirteen is vacated, and this case is remanded for a new trial pursuant to *Ramos*.

**CONVICTION AND SENTENCE VACATED.**
**REMANDED FOR NEW TRIAL.**

**THIS OPINION IS NOT DESIGNATED FOR PUBLICATION.**
**RULE 2-16.3, UNIFORM RULES—COURTS OF APPEAL.**